**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| TERENCE MAURICE SALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:22-cv-00101-DCN-JDA |
| vs. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"), ECF No. 17, that the court affirm the Commissioner of Social Security's (the "Commissioner") decision denying claimant Terence Maurice Salters's ("Salters") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

### A.  Procedural History

Salters filed an application for DIB on July 14, 2020, alleging that he has been disabled since April 1, 2014. The Social Security Administration (the "SSA") denied Salters's application initially on October 6, 2020, and upon reconsideration on March 3, 2021. Salters requested a hearing before an administrative law judge ("ALJ"), and ALJ Flora Lester Vinson presided over a telephonic hearing held on July 7, 2021, at which Salters and a vocational expert ("VE"), Coraetta Harrelson, testified. In a decision issued on August 25, 2021, the ALJ determined that Salters was not disabled within the meaning

1

of the Act from April 1, 2014, through the date last insured. Salters requested review of the ALJ's decision by the Appeals Council, and on November 29, 2021, the Appeals Council denied Salters's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

On January 11, 2022, Salters filed this action seeking review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge Austin. On January 17, 2023, the magistrate judge issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 17, R&R. Salters filed objections to the R&R on February 14, 2023, ECF No. 20, and the Commissioner responded to the objections on February 15, 2023, ECF No. 23. As such, the matter has been fully briefed and is ripe for the court's review.

### B. Medical History

The parties are familiar with Salters's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Salters's objections to the R&R. Salters alleges a disability onset date of April 1, 2014, when he was forty-five years old. ECF No. 7, Tr. 119. Salters alleged a disability due to bulging discs in his neck, lower back, and knees; post-traumatic stress disorder ("PTSD"); migraines; nerve damage in both legs; rhinitis; acid reflux; hernia; nerve damage in both hands; and degenerative arthritis, among other disabilities. Tr. 119. Salters previously worked as a mechanic helper, stock clerk, and a furniture manufacturer van driver helper. Tr. 40.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Salters was disabled from his alleged onset date of April 1, 2014, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that although Salters reported some work activity, he has not engaged in substantial gainful activity during the relevant period. Tr. 31. At the second step, the ALJ found that Salters has the following severe impairments: PTSD, anxiety, knee disorder, and degenerative disc disease of the lumbar and cervical spine. Tr. 31. At the third step, the ALJ found that Salters does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the SSA's Listing of Impairments, 20 CFR § 404.1520(d), et seq. Tr. 31–33. Before reaching the fourth step, the ALJ determined that Salters retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with additional limitations. The claimant could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He could occasionally balance and stoop. He could never kneel, crouch, or crawl. His ability to understand, remember and carry out instructions allowed for the performance of uncomplicated, "unskilled tasks" [defined as tasks that can be learned in one month or less by just an on the job demonstration, and that require applying commonsense understanding to carry out one and two step oral or written instructions]. His use of judgment allowed for making "uninvolved work-related decisions" [defined as decisions involving no more than a few concrete variables in or from standardized situations]. He was able to have occasional interaction with coworkers, but no close, team-type or tandem interaction with them. He was able to have no more than incidental contact with the general public. He was able to tolerate "few changes" in a routine work setting [defined as no more than a few deviations from the core job duties]. He had to use a cane in the right, dominant hand when walking over uneven terrain or walking more than fifty feet.

Tr. 33–34. Based on the RFC, at the fourth step, the ALJ found that Salters is unable to perform any past relevant work. Tr. 40. Finally, at the fifth step, the ALJ found that based on Salters's age, education, work experience, and RFC, Salters is capable of

making a successful adjustment to other work that exists in significant numbers in the national economy, including work as a cuff folder, weight tester, and lens inserter. Tr. 40–41. Therefore, the ALJ concluded that Salters was not disabled under the meaning of the Act during the period at issue.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).  Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard.  Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.   DISCUSSION

In his initial brief, Salters argued that the ALJ failed to consider the medical records and disability decisions from the Department of Veteran's Affairs ("VA"). According to Salters, "[t]he impairments cited in the VA disability decision are not contradicted by other medical evidence and, therefore, should be viewed as the best indicators of Plaintiff's disability."  ECF No. 10 at 3.  Accordingly, Salters contended that the ALJ erred in finding that Salters's "impairments do not support a finding of disability," and the ALJ's finding was not supported by substantial evidence.  Id. at 3.

In the R&R, the magistrate judge noted that although an ALJ was previously required to give substantial weight to a VA disability rating, recent persuasive authority suggests that is no longer the case, and courts have discretion to consider the disability

rating following amendments to the Code of Federal Regulations and Social Security Rulings ("SSR"). R&R at 22 n.6 (citing McClellon v. Kijakazi, 2021 WL 6133847, at *3 (D.S.C. Dec. 28, 2021)). In any case, the magistrate judge disagreed with Salters and determined that the ALJ had conducted a thorough review of the record in the case, including the VA ratings and medical records. Id. at 22. The magistrate judge also determined that Salters offered no support for the contention that the VA disability decision was uncontradicted and should be viewed as the best indicator of Salters's disability. Id.

In the objections to the R&R, Salters argues that although VA disability ratings may no longer be binding, the ALJ—and the magistrate judge—should not have discounted the VA disability assessments because there was "no contradictory medical evidence" and "the only assessment that stands in opposition is a one time consultative exam by [Dr.] Roland Knight" ("Dr. Knight"). ECF No. 20 at 1–2. Salters also avers that the VA medical records remain informative under the new regulations because the Fourth Circuit's narrow holding to that effect in Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012), was not superseded by statute. Id. at 2–3.

The court first addresses the issue of law raised. Interestingly, in the short time since the R&R was issued, the Fourth Circuit weighed in on the issue of how to evaluate medical decisions by other governmental agencies, including the VA. See Rogers v. Kijakazi, 2023 WL 2564349, at *3–4 (4th Cir. Mar. 20, 2023). In Rogers, the Fourth Circuit held that based on the new rules, "'[d]ecisions by other governmental agencies and nongovernmental entities' [constitute] evidence that 'is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the [SSA].'" Id. at

*4 (quoting 20 C.F.R. § 404.1520b(c)(1)).  Therefore, the court clarified that prior decisions like Bird had indeed been superseded, and the SSA "will not provide any analysis about how we considered such evidence in our determination or decision."  Id. (quoting 20 C.F.R. § 404.1520b(c)).

But on the issue of the medical evidence underlying the VA decision, the Fourth Circuit's decision supports Salters's position.  The Fourth Circuit further noted in Rogers that "[u]nder the new rules, . . . the SSA will yet 'consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim.'"  Id. (quoting 20 C.F.R. § 404.1504).  Therefore, the court proceeds to a de novo review of whether the ALJ adequately considered the supporting medical evidence underlying the VA decision.[1]

Upon a de novo review, the court finds that the ALJ adequately considered the medical evidence underlying the VA decision.  For example, the ALJ discussed the PTSD diagnosis that Salters received at an evaluation with the VA, where he reported symptoms of depression, including "flashbacks, nightmares, sleeping disturbances, and avoidance of triggering thoughts/environments."  Tr. 37.  But the ALJ noted that those treatment notes were somewhat self-contradictory, as other notes included "explicit denials of flashbacks and only 'off and on' nightmares."  Id.  The ALJ also noted several other areas where the treatment notes were inconsistent with Salters's disability allegations.  See Tr. 38.

---

[1] To the extent Salters continues to challenge the ALJ's decision to ignore the VA medical decisions, the court finds that an application of Rogers clearly defeats Salters's argument.

Outside of the mental health records, the ALJ also considered the medical evidence regarding Salters's functional abilities. The ALJ conducted an extensive analysis of the evidence, which included a discussion of prior medical records from the VA. See Tr. 34–37 (providing analysis with several citations to Exhibits B2F, B4F, B5F, and B6F of the record, which were all office treatment records from the VA). This included an acknowledgement that based on the evidence, Salters would have experienced a diminished capacity to perform work, and Salters was limited to sedentary work during the relevant period. Tr. 37. As the ALJ explained, however, such evidence did not support a disability finding. Additionally, while not raised in his objections, Salters previously argued that the ALJ failed to account for an MRI performed on May 2014 which allegedly "showed degenerative changes of multiple levels and other studies suggested a peripheral neuropathy." ECF No. 10 at 3. But this too was evidence that the ALJ considered. Tr. 35. The ALJ immediately followed the discussion by noting that Dr. Knight created a report referencing the May 2014 back imaging. The ALJ ultimately determined the claimed limitations were not required for Salters's physical ability to work. Tr. 35.

Finally, Salters also reiterates his prior argument that the ALJ improperly discounted medical evidence that postdated his date of last insured. ECF No. 20 at 3. According to Salters, the impairments documented in the records would naturally have existed even prior to his date of last insured of December 31, 2015. The magistrate judge previously addressed this argument, R&R at 23, and Salters fails to provide more than a conclusory statement asserting that the magistrate judge made the same error, ECF No. 20 at 3. Moreover, the court notes that the ALJ made sure to analyze the most recent of

Salters's medical records from just prior to his date of last insured for the very reason of drawing a comparison between the evidence. Tr. 36 ("The undersigned does note, however, that the more recent evidence includes negative objective signs . . . ."). The court concludes that the ALJ's findings were based on substantial evidence.

To the extent Salters is arguing that the ALJ improperly discounted some evidence while elevating other evidence, like Dr. Knight's report, such an argument is not compelling because it is outside the province of the court to reweigh the evidence considered by the ALJ or substitute its judgment for hers. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks and citation omitted); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (same). This is particularly the case where the claimant fails to point to any specific evidence that the ALJ overlooked, which applies to Salters's most recent objections. See Burton v. Kijakazi, 2021 WL 5183866, at *11 (S.D. W. Va. Oct. 22, 2021), report and recommendation adopted, 2021 WL 5183019 (S.D. W. Va. Nov. 8, 2021) (finding that the court was unable to second-guess the ALJ's RFC assessment where the claimant merely asserted that her conditions meant she could not sit for six hours a day, and she failed to point to "any contrary evidence that the ALJ failed to consider").

In sum, the court finds that the ALJ relied on substantial evidence in determining whether Salters was disabled under the meaning of the Act, and the court's limited inquiry must end there. See Hays, 907 F.2d at 1456. The court overrules the objection and affirms the ALJ's decision.

## IV.  CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

                                                **DAVID C. NORTON**
                                                **UNITED STATES DISTRICT JUDGE**

**March 31, 2023**
**Charleston, South Carolina**